UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:24-cr-00221(SRU) |
| v. | December 11, 2024 |
| LINDSEY EDWARDS | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR BOND**

The government respectfully opposes the defendant Lindsey Edwards' motion for bond and release to the custody of his mother and sister. ECF 33. The United States hereby objects to the defendant's motion for release. The Court should keep Defendant Edwards detained because there are simply no conditions of release nor any combination of conditions that will reasonably assure the safety of the community as required pursuant to the Bail Reform Act. 18 U.S.C. §§ 3142(e) and (f).

The Defendant was arrested (self-surrender) on November 26, 2024, following indictment, and was presented before United States Magistrate Judge Robert M. Spector on the same day. ECF. 12. At that time, the defendant was formally informed that he was being charged with multiple narcotics trafficking and firearm trafficking charges, including a ten-year mandatory minimum drug trafficking conspiracy charge and a five-year mandatory consecutive charge for carrying a firearm in relation to a drug trafficking crime, in addition to other charges. The defendant was detained without prejudice. Doc. 12. For the reasons set forth below, the Government hereby objects to the Defendant's motion for release.

**I.   BACKGROUND**

The defendant has an extensive criminal history that dates back to 1996. In 2010, Mr. Edwards was convicted of Carrying a Pistol without a Permit, and received a sentence of 2 years'

jail.  At the same time he was convicted of Criminal Weapons Possession and sentenced to 5 years' jail.  In 2003, Mr. Edwards was convicted of Violating a Protective Order and received a sentence of 1 years' jail. In the same year, he received a Assault 3 conviction and received a sentence of 6 months' jail.  Also in 2003, Mr. Edwards received a 13-year sentence, suspended after 6 years for Sale of Illegal Drugs.   He also received criminal sentences for failure to appear (2003), probation violation (2010), (1998) (1998).

## II.     Legal Discussion and Basis for Detention

"The government may detain a defendant prior to trial consistent with the Due Process Clause of the Fifth Amendment so long as confinement does not amount to 'punishment of the detainee.'" *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  "Pretrial detention of a defendant, when of reasonable duration, serves important regulatory purposes, including the prevention of flight and the protection of the community from a potentially dangerous individual." *Id.*

The Bail Reform Act, 18 U.S.C. §§ 3141 et seq., sets forth the parameters for pretrial detention.  Specifically, section 3142(e) provides that if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

The Court must examine the factors set forth in § 3142(g) to determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the defendant's appearance and the safety of other persons and the community.  *See Goba*, 240 F.Supp.2d at 246. The section 3142(g) factors are as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of

> terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive advice;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, of local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

"In this regard, the Government must establish risk of flight by a preponderance of the evidence," *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987), or danger to others and the community by clear and convincing evidence." *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

In the context of risk of flight, the Second Circuit has counseled as follows: "A judicial officer conducting a detention hearing should, even after a defendant has come forward with rebuttal evidence, continue to give the presumption of flight some weight by keeping in mind that Congress has found that [defendants charged with narcotics offenses] pose special risks of flight, and that 'a strong probability arises' that no form of conditional release will be adequate to secure their appearance. The judge or magistrate thus should consider those legislative findings among the other factors to be weighed in deciding whether a defendant should be

detained." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986) (quoting Senate Report at 19, reprinted in 1984 U.S.Code Cong. & Ad.News at 3202.).

### A. The Nature and Circumstances of the Offense Charged Are Serious 18 U.S.C. §3142(g)(1) and The Nature and Seriousness of the Danger to the Community - 18 U.S.C. § 3142(g)(4)

The defendant is charged with substantive and conspiracy counts of possession with the intent to distribute methamphetamine; conspiracy to trafficking firearms, carrying a firearm in relation to a drug trafficking crime, and possession of a firearm as a felon. The defendant is facing multiple charges carrying ten-year, five-year mandatory minimum terms of imprisonment, and a five year consecutive term of imprisonment in the Indictment. ECF. 1. Altogether, Mr. Edwards is responsible to possessing with the intent to distribute, or distributing over 6 kilograms of methamphetamine.

This investigation consisted of 15 controlled buys. Most of the 15 controlled buys were for over 100 grams of methamphetamine. In one controlled buy, occurring on September 4, 2024, the CS contacted Edwards to purchase a large quantity of methamphetamine, approximately 746 grams. Edwards indicated that he would set up the buy with his "shorty," co-defendant Paris Huckaby. The following day, September 5, 2024, the CS purchased 26 plastic bags of methamphetamine pills from Ms. Huckaby. This quantity alone is over the 10-year mandatory minimum threshold for distribution of methamphetamine. 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).

During the course of the investigation, Edwards also sold a CS a stolen Barretta Model M9, .22 caliber firearm. A trace of the firearm indicated that it was stolen as part of a nine-firearm theft from a gun store in Southington.

### A. The Weight of the Evidence is Strong -18 U.S.C. § 3142(g)(2)

The evidence against the defendant is strong. As an initial matter, these were a series of controlled buys conducted between April and November 2024. Additionally, the defendant's cell phone was seized and searched pursuant to a search warrant and revealed incriminating text messages. Certain text messages on Edwards' phone led investigators to obtain a search warrant for co-defendant Paris Huckaby's phone. When that search warrant was executed, investigators seized a package containing over 3.6 kilograms of methamphetamine pills.

The Government respectfully asserts that the weight of the evidence against Bramwell is strong.

**B. The History and Characteristics -18 U.S.C. § 3142(g)(3)**

Edwards has very serious felony convictions, including convictions for firearms offenses and narcotics distribution, failure to appear, violation of protective order and violations of probation. These convictions strongly demonstrate that Edwards would not obey the Court's conditions if he were released.

Moreover, the defendant was employed during the offense conduct described above. Indeed, one controlled buy occurred at the college campus that he worked at. In other words, this is not a case where the defendant's criminal conduct would be expected to cease if he were to obtain employment. Here, unfortunately, the defendant distributed large, redistributable, kilogram-quantities of methamphetamine while legally employed.

**Conclusion**

For the reasons set out above, the Government respectfully moves this Court to deny the defendant's motion for release as there are no conditions nor any combination of conditions that could reasonably assure the safety of the community as required.

Respectfully submitted,
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


*/s/ Brendan Keefe*
BRENDAN KEEFE
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
Brendan.keefe@usdoj.gov
203-821-3710
Federal Bar No. ct28689

## CERTIFICATE OF SERVICE

   I hereby certify that on December 11, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Courts system.

                 /s/ *Brendan Keefe*
                 BRENDAN KEEFE
                 ASSISTANT UNITED STATES ATTORNEY